■ PEASE & ELLIMAN, INC., Appellant, v. S. H. KRESS & Co., Respondent. — Judgment unanimously affirmed, with costs to the respondent. No opinion. Concur — Botein, P. J., Breitel, Frank, McNally and Stevens, JJ.

■ AUGUSTA B. MAJESKI, Appellant, v. RUSS REALTY CORPORATION, Respondent.— We are constrained to reverse the judgment appealed from, dismissing the complaint at the end of plaintiff's case, for the same reason stated on our reversal of a similar judgment on the first trial (see *Majeski* v. *Russ Realty Corp.*, 3 A D 2d 739). We there said: " Plaintiff's evidence on her claim of negligence was sufficient to stand against the motion to dismiss made and granted at the close of plaintiff's case." At the second trial the witnesses for plaintiff were the same as at the first trial and the testimony as to negligence was essentially the same. Respondent contends however that at the second trial, which is the subject of this appeal, there was extensive cross-examination of plaintiff which was omitted at the first trial and also that her testimony established that she was guilty of contributory negligence as a matter of law. While the additional cross-examination was something that might be considered by a jury it did not destroy the prima facie case made out by plaintiff, or relieve the defendant of the necessity of going forward with its defense. Nor did the testimony at this trial make the question of plaintiff's contributory negligence one of law rather than one of fact. We reach the same conclusion therefore, as on the appeal from the prior judgment, namely that plaintiff's evidence was sufficient to stand against the motion to dismiss. Judgment reversed upon the law and the facts and a new trial ordered, with costs to appellant. Concur — Breitel, J. P., Rabin, McNally, Stevens and Bergan, JJ.